UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                              Chapter 7

YSF Holdings LLC,                                   Case No. 23-43680 (ess)

                            Debtor.

## ORDER AUTHORIZING AND APPROVING SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES IN ACCORDANCE WITH 11 U.S.C. § 363 AND GRANTING RELATED RELIEF

Upon the Notice to Creditors and Other Parties in Interest of Trustee's Intended Sale dated January 14, 2025 [Docket No. 31]; and upon the motion dated January 14, 2025 [Docket No. 30] (the "Motion")[1] of Debra Kramer, the chapter 7 trustee (the "Trustee") of the estate of YSF Holdings LLC (the "Debtor"), by and through her attorneys, Bond, Schoeneck & King, PLLC, seeking the entry of an order pursuant to sections 105 and 363 of Title 11, United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Court's Local Bankruptcy Rules (the "Local Rules"): (i) authorizing and approving the bidding procedures in connection with the sale of the Debtor's real property known as and located at 40-36 77th Street, Elmhurst, New York 11373, in the Borough of Queens, Block: 1487, Lot 25 (the "Real Property"); (ii) scheduling a public auction sale of the Real Property and the Sale Confirmation Hearing (as defined below); (iii) approving the form and manner of the notice of the Auction (defined below) and the Sale Confirmation Hearing; (iv) approving the terms and conditions of the Stalking Horse Terms of Sale, a copy of which was annexed to the Motion as **Exhibit A,** for the sale of the Debtor's estate's rights, title and interest in and to the Real Property, subject to higher and/or better offers that may be received at the Auction, free and clear

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

21352181.v1

of all liens, claims, encumbrances, security interests and other restrictions on transfer (collectively, the "Liens"), with such Liens, if any, to attach to the net proceeds of the sale in the amount and priority as they currently exist; and (v) granting such other and further relief as this Court deems just and proper; and this Court has jurisdiction and authority to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the hearing on the Motion having been held before the Court on February 18, 2025 (the "Hearing"), the record of which is incorporated by reference herein; and upon the order of this Court dated February 25, 2025 [Docket No. 34] approving the Bidding Procedures (the "Bidding Procedures Order"); and upon the Bidding Procedures Order being a final and non-appealable order that remains in full force and effect; and upon the public auction sale of the Real Property having been conducted on March 6, 2025 in accordance with the Bidding Procedures (the "Auction"); and Elm Grand, LLC[2] (the "Elm Grand") being the qualified bidder offering the highest and best bid of ONE MILLION EIGHT HUNDRED FIFTY THOUSAND and 00/100 ($1,850,000.00) dollars, plus a six percent (6%) buyer's premium in the amount of ONE HUNDRED ELEVEN THOUSAND and 00/100 ($111,000.00) dollars, for a total purchase price of ONE MILLION NINE HUNDRED SIXTY-ONE THOUSAND and 00/100 ($1,961,000.00) dollars (the "Purchase Price") for the Real Property at the conclusion of the Auction; and upon the terms and conditions of sale and memorandum of sale promulgated in connection with the Auction of the Real Property (collectively, the "Terms of Sale"); and those Terms of Sale having been executed and acknowledged by the Elm Grand, a copy of which is annexed hereto as *Exhibit 1*;

---

[2] Upon information and belief, the members of Elm Grand LLC are Shin Lung Zheng, a creditor asserting an unsecured claim against the Debtor, Jun Hong Zhang, a creditor asserting an unsecured claim against the Debtor, Ming Liang Zhang, the grandson of Zikuo Zhang, a creditor asserting an unsecured claim against the Debtor, and SB Connection LLC, which is controlled by Shan Yun Lin, a creditor asserting an unsecured claim against the Debtor. Nothing herein shall be deemed an allowance of such claims and the Trustee's reserves any and all rights with respect thereto.

21352181.v1

and upon the Report of Public Auction Sale filed with this Court in support of the Trustee confirming the sale of the Real Property to the Elm Grand [Docket No. 36]; and upon the corrected affidavit of Marc Yaverbaum of MYC & Associates, Inc., the Trustee's retained broker, in support of the Trustee's sale of the Real Property to Elm Grand [Docket No. 38]; and upon the hearing having been held on March 18, 2025 seeking approval of the sale of the Real Property to Elm Grand (the "Sale Confirmation Hearing"), ***at which the Trustee, Celtic Bank Corporation, and MYC & Associates, Inc., appeared and were heard,*** the record of which is incorporated by reference herein; and the Court having found at the Sale Confirmation Hearing that the sale of the Real Property to Elm Grand is fair and reasonable and in the best interest of the Debtor's estate, and that Elm Grand's bid was the best and highest bid submitted at the Auction; and that Elm Grand is a good faith purchaser entitled to all of the relevant protections under Bankruptcy Code section 363(m); and as evidenced by the Certificates of Service [Docket Nos. 32, 35, and 39] filed with the Court, proper, timely, adequate and sufficient notice of the Motion, the Auction, and the Sale Confirmation Hearing has been provided and no additional notice neither being necessary nor required; and a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, and no objections having been filed with or presented to the Court; and after due deliberation and sufficient cause having been shown;

**IT IS HEREBY ORDERED** ~~ADJUDGED AND DECREED~~ **THAT:**

1.      The Purchase Price represents a fair and reasonable offer to purchase the Real Property under the facts and circumstances of this case, and the form and total consideration to be realized by the Debtor's estate constitutes a transfer of the Real Property at fair market value and thereby is in the best interests of the Debtor, its creditors, its estate, and all other parties in interest.

3

21352181.v1

2.      Pursuant to Bankruptcy Code section 363(f) the Trustee is authorized and empowered to sell the estate's right, title and interest in and to the Real Property to Elm Grand, or its designee or assignee, in accordance with the Terms of Sale, free and clear of all Liens, with such Liens, if any, to attach to the proceeds of such sale in the priority and validity as they presently exist.

3.      The Trustee has articulated sufficient business justifications and has otherwise demonstrated a sufficient basis and the existence of compelling circumstances authorizing the Trustee to sell the Real Property as contemplated in the Motion and the Terms of Sale, and that such an action is an appropriate exercise of the Trustee's reasonable business judgment and is in the best interests of the Debtor, its creditors, and its estate.

4.      The sale of the Real Property to Elm Grand was negotiated and entered into in good faith, based upon arm's-length negotiations and without collusion or fraud of any kind, and that in the absence of a stay pending appeal, if Elm Grand fully performs under the Terms of Sale at any time on or after the entry of this Order, that Elm Grand is a good faith purchaser and the sale was in good faith and at arm's length and without fraud or collusion such that Elm Grand, the Trustee, and her retained professionals, shall be entitled to the protections of Bankruptcy Code section 363(m).

5.      The provisions of Bankruptcy Code section 363(n) have not been violated, and the transfer of the Real Property shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law and no damages may be assessed against Elm Grand or any other party pursuant to section 363(n) of the Bankruptcy Code.

6.      The Purchase Price was not controlled by an agreement among potential bidders. Neither Elm Grand nor any of its affiliates, officers, directors, managers, shareholders, members,

4

or any of their respective successors or assigns is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

7.    This Court may retain ~~exclusive~~ jurisdiction to interpret and enforce this Order and any of the transactions contemplated by the sale of the Real Property.

8.    The Trustee be, and hereby is, authorized to do such things, execute such documents, and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

<table>
<tr><td>Dated: Brooklyn, New York<br>March 19, 2025</td><td></td><td>Elizabeth S. Stong<br>United States Bankruptcy Judge</td></tr>
</table>

5