## **EXHIBIT 1**

Terms of Sale

21352181.v1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

YSF Holdings LLC,

            Debtor.

Chapter 7

Case No. 23-43680 (ess)

## **BIDDING PROCEDURES**

a.    The sale of the Real Property is being conducted pursuant to Sections 363(b), (d), (f), (k) and (m) of the Bankruptcy Code and is subject to the entry of a final non-appealable order of the Bankruptcy Court approving such sale (the "Approval Order").

b.    The Auction will be held on March 6, 2025, at 11:00 a.m., or such other date and time to be determined by the Trustee in consultation with MYC (the "Auction Date") and shall be conducted live virtually online via Zoom. All qualified bidders will be required to login to the Auction on the Auction Date via the Zoom link provided by MYC. MYC will make announcements for the Auction by posting on MYC's website (https://myccorp.com) at least thirty (30) days prior to the scheduled Auction Date. Any additional information regarding the sale of the Real Property may be obtained by contacting the Trustee's Counsel or by contacting MYC or shall be listed on MYC's website.

c.    In order to be permitted to bid on the Real Property, no later than two (2) days prior to the Auction Date, each prospective bidder must sign and return the terms and conditions of sale under the same or substantially similar terms of the Stalking Horse Terms of Sale and deliver it to MYC, together with a certified check or bank check made payable to "Debra Kramer, as Chapter 7 Trustee" in the amount of $161,000.00 (the "Qualifying Deposit"), which amount shall serve as a partial good faith deposit against payment of the purchase price, which shall be equal to the successful bid submitted at the Auction (the "Purchase Price"), by such competing prospective bidder (a "Qualified Bidder") as the Trustee determines to have made the highest and/or best bid for the Real Property (the "Successful Bidder"). If there is no offer higher and/or better than the Stalking Horse Offer, as determined by the Trustee in her business judgment, the Stalking Horse Bidder will be deemed to be the Successful Bidder.

d.    The Auction of the Real Property will be subject to a buyer's premium (the "Buyer's Premium") in the amount of six percent (6%) of the Purchase Price. The Buyer's Premium shall be the sole commission due to MYC under the terms of the Bankruptcy Court's Order authorizing the retention of MYC as the Trustee's broker, subject to the Bankruptcy Court's approval of a compensation application filed by MYC under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, E.D.N.Y. LBR 2014-1, and the Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, dated June 4, 2013, and the United States Trustee Fee Guidelines. The Buyer's Premium shall be added to the final Purchase Price and

payable by the Successful Bidder of the Real Property, and the estate shall not be responsible to pay any portion of the Buyer's Premium to MYC.

e.    Within 48 hours after the conclusion of the Auction, the Successful Bidder shall deliver to the Trustee by certified check or bank check made payable to "Debra Kramer, as Chapter 7 Trustee", an amount equal to 10% of the Purchase Price realized at the Auction, less the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus the Buyer's Premium.

f.    The Buyer's Premium shall be deemed to have been earned immediately upon the conclusion of the Auction and is due within forty-eight (48) hours after the conclusion of the Auction. Failure of the Successful Bidder to tender the Deposit and the Buyer's Premium within 48 hours after conclusion of the Auction shall result in an immediate default under the terms of the Stalking Horse Terms of Sale and the Memorandum of Sale and shall result in the forfeiture of all earnest monies paid.

g.    In order for any subsequent offer made by a Qualified Bidder to be considered a competing bid (a "Competing Bid"), a Competing Bid must provide for a purchase price of no less than $1,575,000.00, which is $25,000.00 greater than the Stalking Horse Offer (the "Initial Overbid"). In consultation with the Trustee, any subsequent bidding increments shall be subject to the discretion of MYC. Any Qualified Bidder submitting a Competing Bid must also demonstrate, to the sole satisfaction of the Trustee and Trustee's Counsel, evidence of its financial ability to conclude the sale transaction contemplated under the same or substantially similar terms of the Stalking Horse Terms of Sale, without delay.

h.    The Successful Bidder and the Qualified Bidder who the Trustee determines to have made the second highest or best bid for the Real Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by (i) that same or substantially similar terms to the Stalking Horse Terms of Sale, and (ii) a Memorandum of Sale. At the conclusion of the Auction, the Trustee or MYC will return the Qualifying Deposits to all other bidders, except to the Successful Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit shall be returned within five (5) business days from the date the Successful Bidder closes on the sale of the Real Property.

i.    The closing of the sale transaction contemplated by the Stalking Horse Terms of Sale (the "Closing") shall take place at the offices of Bond Schoeneck King, PLLC, attorneys for the Trustee, at 225 Old Country Road, Melville, New York 11747, commencing at 11:00 a.m. (EST) on a date to be determined. The Closing shall occur within forty-five (45) days following the date of entry of the Approval Order (the "Closing Date"). **TIME BEING OF THE ESSENCE as to the Successful Bidder or the Second Highest Bidder, as the case may be,** although the Closing Date may be extended solely by the Trustee at her option and discretion, and upon such additional terms as the Trustee deems appropriate.

j.    The Trustee reserves her right to withdraw the Real Property from the Auction, either prior to or subsequent to the Auction, for any reason whatsoever, as she deems necessary or appropriate.

k.    The sale of the Real Property is subject to confirmation by the Trustee and the Bankruptcy Court. The Trustee or the Trustee's Counsel shall notify the Successful Bidder whether the sale is confirmed. Any disputes concerning the sale of the Real Property shall be determined by the

Bankruptcy Court.    By participating in the Auction, all Qualified Bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes arising in the Trustee's pending case. The Successful Bidder or the Second Highest Bidder, as the case may be, agrees to cooperate with the Trustee and her retained professionals in obtaining Bankruptcy Code Section 363(m) protections in the Approval Order by submitting an appropriate affidavit as to the required elements of that statute.  If the Successful Bidder or the Second Highest Bidder, as the case may be, fails to qualify for such a finding by the Bankruptcy Court, the Successful Bidder, or the Second Highest Bidder, as the case may be, shall be required to close without those protections.

l.    The Real Property and any personal property included therewith, if any, is being sold and delivered "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and is being sold free and clear of all monetary violations, past due water bills and open real estate taxes (subject to any adjustments at the time of the Closing), liens, claims and encumbrances of whatever kind or nature, such liens, claims, interests and encumbrances, if any, to attach to the proceeds of Sale in such order and priority as they existed immediately prior to the Filing Date, and subject to, among other things: (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; and (f) subject to all deed restrictions.  By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Real Property, the state of title thereof, and the laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Real Property in making their bids.  All Qualified Bidders acknowledge that they have conducted their own due diligence in connection with the Real Property and are not relying on any information provided by the Trustee, MYC, the Trustee's Counsel, or any other of the Trustee's retained professionals.

m.    The Trustee shall deliver the Real Property subject to all tenancies and transient users existing at the time of the Closing. The Trustee shall provide the Successful Bidder with a list of transient users existing at the time of the Closing.

By making a bid for the Property, all bidders shall be deemed to have acknowledged having read and understood these Bidding Procedures and have agreed to be bound by them.

Name of Bidder: _ELM Grand LLC_____

Name and Title of Authorized Representative of Bidder: _SHINLUNG ZHENG,_

_Member ; SHAN YUN LIN, Member; MING LIANG ZHANG, Member_

Signature of Authorized Representative: _____

Date: _2/26/2025_____

3

## MEMORANDUM OF SALE - SUCCESSFUL BIDDER

High Bid Realized at Auction:      $1,850,000.00

Buyer's Premium (6%):      $111,000.00

Purchase Price:      $1,961,000.00

The undersigned purchaser has this 6th day of March 2025, agreed to purchase the Debtor's estate's rights, title and interest in and to the real property owned by YSF Holdings, LLC (the "Debtor") located at 40-36 77 Street, Elmhurst, New York 11373, in the Borough of Queens, Block: 1487, Lot 25 (the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from Debra Kramer, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of YSF Holdings, LLC (the "Debtor"), pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Case No. 23-43680 (ESS), and being sold by the Trustee for the highest or best offer as the Trustee in her sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the term and conditions of sale, as set forth in the annexed Terms of Sale.

PURCHASER (Signature) _____

PURCHASER (Print Name)    ELM Grand LLC c/o Shan Yun Lin as Managing Member

ADDRESS    35-43 88th Street, 2nd Floor, Jackson Heights, NY 11372

TELEPHONE NUMBER    (646) 338-8809

EMAIL ADDRESS    samlin628@gmail.com

Received from Elm Grand LLC the sum of ONE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS EVEN ($185,000.00) as a non-refundable deposit for the purchase of the Real Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale and the sum of ONE HUNDRED ELEVEN THOUSAND DOLLARS EVEN ($111,000.00) as a non-refundable buyer's premium for the purchase of the Real Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

Debra Kramer, Chapter 7 Trustee
c/o Bond Schoeneck King, PLLC, Counsel to the Trustee
225 Old Country Rd.
Melville, NY 11747
(631) 761-0825

This is to verify that the offer for the Real Property is for the sum of ONE MILLION EIGHT HUNDRED FIFTY THOUSAND DOLLARS EVEN ($1,850,000.00).

_____
MYC & Associates, Inc.
By: Victor M. Moneypenny

## SUCCESFUL BIDDER'S ATTORNEY INFORMATION

Name:    Benjamin B. Xue, Esq.
Xue & Associates, Inc.

Address:    1 School Street, Suite 303A
Glen Cove, NY 11542

Phone:    (516) 595-8887

Email Address:    benjaminxue@xuelaw.com